IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GENEIA RICE and WALTER PARKER** | Civil No. 1:21-CV-01528 |
| vs. | |
| **KBR** | Judge Sylvia H. Rambo |

# O R D E R

**AND NOW**, this 23rd day of August, 2022, upon consideration of Defendant KBR's Motion to Dismiss (Doc. 17) and *pro se* Plaintiff Walter Parker's Opposition to the Motion (Doc. 22), and after review of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson, dated April 4, 2022 (Doc. 28), and Defendant Walter Parker's Objections to the Report and Recommendation (Docs. 37, 39), **IT IS HEREBY ORDERED** as follows:

I. The Report and Recommendation of United States Magistrate Judge Martin C. Carlson, dated April 4, 2022, is **APPROVED** and **ADOPTED**;

II. Plaintiff Walter Parker's Objections to the Report and Recommendation are **OVERRULED**;[1]

---

[1] The procedural history and background facts are set forth in detail in the Report and Recommendation of United States Magistrate Judge Martin C. Carlson, dated April 4, 2022, and need not be repeated. The Report and Recommendation recommends that *pro se* Plaintiff Walter Parker's claims under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act (PHRA) be dismissed for failure to state a claim, without prejudice to Parker's right to amend the complaint. This court agrees with the recommendation.

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a de novo review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the

III.   Defendant KBR's Motion to Dismiss is **GRANTED** and all claims asserted by Plaintiff Walter Parker are **DISMISSED** without prejudice to Parker's right to file an amended complaint within 30 days; and

IV.   <u>Plaintiff Walter Parker is **PROVIDED NOTICE** that he may file an amended complaint within 30 days of the date of this order.</u>

> */s/ Sylvia H. Rambo*
> Sylvia H. Rambo
> United States District Judge

---

court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac Dental Co. v. Dentsply Intern.*, Inc., 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citation omitted). Regardless of whether objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); L.R. 72.31.

The Report and Recommendation carefully analyzes the standard for assessing whether an employment relationship exists under Title VII and the PHRA and appropriately concludes that Parker's complaint fails to allege sufficient facts to support such a relationship. The complaint indicates that Parker's hiring and firing was controlled by a non-party employment agency, and the pleading does not contain any specific allegations as to who paid Parker's salary; who controlled his daily tasks; who provided his tools/equipment; or who possessed discretion regarding his work schedule. As the Report and Recommendation lays out, the existence of an employment relationship is an important prerequisite to recovery under both discrimination statutes, and the court cannot merely assume that Parker will be able to prove facts that he never alleges in the complaint.

Parker's objections to Report and Recommendation do not engage with its analysis or otherwise substantively argue that the complaint contains sufficient facts to state a claim for discrimination. Parker instead focuses his argument on new facts, ones which are absent from the complaint, and ones which—as the Report and Recommendation explains in detail—cannot be considered on a motion to dismiss. Nevertheless, because amendment would not necessarily be futile, Parker may amend his complaint within 30 days if he believes he can cure the defects outlined in the Report and Recommendation.